**Adolph LONY, Plaintiff,**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY, INC., Defendant.**

**Civ. A. No. 88–320–JJF.**

United States District Court,
D. Delaware.

July 8, 1992.

Richard K. Herrmann of Bayard Handelman & Murdoch, Wilmington, Del., Paul F. Doyle of Kelley Drye & Warren, New York City, for plaintiff.

William H. Sudell, Jr., Donald F. Parsons, Jr., and Luke W. Mette, of Morris Nichols Arsht & Tunnell, Wilmington, Del., for defendant.

## OPINION

FARNAN, District Judge.

The Court has before it Defendant E.I. Du Pont de Nemours & Co.'s ("Du Pont") Motion to Dismiss on the grounds of *forum non conveniens*.

## BACKGROUND

Defendant's Motion to Dismiss has been before the Court[1] and the Court of Appeals for the Third Circuit ("Court of Appeals") twice and is now back before this Court. This action was brought by Plaintiff Adolph Lony ("Lony"), a sole proprietorship based in Germany (formally the Federal Republic of Germany) against, Du Pont, a Delaware corporation with its principal place of business in Delaware. Lony contends Du Pont committed tortious misrepresentation, common law fraud, statutory fraud, breached its warranty and fiduciary duties when it sold Lony cellophane containing diethylene glycol (DEG).

Specifically, Lony alleges that in 1985 Du Pont manufactured and sold to Lony cellophane which Lony later processed into candy wrappers and sold to its customer, Haribo, a German corporation. Haribo was allegedly concerned that the cellophane might contain diethylene glycol (DEG), a toxic chemical which had been the subject of a public health scare in Europe at the time. Haribo wanted assurances from Lony that the cellophane did not contain DEG, and so Lony allegedly looked to Du Pont and Wolff Walsrode AG, its other supplier, for assurances that their cellophane did not contain DEG.

On October 17, 1985, Du Pont allegedly wrote a letter to Transparent Paper Ltd., its distributor, which stated that ... "there is no diethylene glycol in any type of Du Pont Company Cellophane Film handled by your Company...." Lony alleges that Transparent conveyed this representation concerning the cellophane to it. Lony then allegedly relied upon Du Pont's representation when it shipped the candy wrappers to Haribo. Later, however, it was allegedly discovered that the cellophane contained traces of DEG, and thus Haribo canceled its contracts with Lony thereby allegedly causing substantial losses to Lony.

In response to Lony's filing of its complaint, Du Pont filed its answer as well as a motion to dismiss the action on grounds of *forum non conveniens*. After discovery was conducted on the issue of *forum non conveniens*, the Court granted Du Pont's motion to dismiss but subjected the dismissal to several conditions designed to ensure that Lony could institute a similar action in Germany.

Lony appealed the Court's order dismissing the action to the Court of Appeals. The Court of Appeals vacated the dismissal order finding that the Court had made legal errors and abused its discretion in its consideration of the *forum non conveniens* standard. *Lony v. E.I. Du Pont de Nemours & Company*, 886 F.2d 628 (1989) ("*Lony I*").

---

1. This motion was originally decided by the Honorable Jane R. Roth and was assigned to this Court in August of 1991 when Judge Roth was elevated to the Court of Appeals.

On remand, the Court set a trial date and allowed discovery on the merits of the underlying action to proceed. Six months later, Du Pont renewed its motion to dismiss, and after extensive discovery, the Court allowed the parties to submit additional evidence on the *forum non conveniens* question. The Court held oral argument and then again dismissed the action on the grounds of *forum non conveniens*, attaching several conditions to the dismissal.

Lony then appealed the second order of dismissal. The Court of Appeals reversed the dismissal order and remanded the case to the district court so that discovery and trial could proceed expeditiously. *Lony v. E.I. Du Pont de Nemours & Company*, 935 F.2d 604, 615 (3rd Cir.1991) ("*Lony II*"). However, the Court of Appeals held that, if within thirty days, Du Pont conceded the remaining issues of liability such that only causation and damages were left to be tried, the district court could re-enter its order of dismissal. *Id.*

Within ten days of the Court of Appeals's second opinion, Du Pont motioned the Court of Appeals for a clarification of its holding and mandate. Specifically, Du Pont inquired as to whether the Court of Appeals intended that Du Pont's concession concern only factual liability and not legal liability or if complete factual and legal liability concessions were required. Motion for Clarification at p. 2. Du Pont indicated that it intended to concede only factual liability. *Id.*

The Court of Appeals responded to Du Pont's motion with an order denying the motion for clarification, "... because the opinion clearly states 'that the presumption against dismissal based on the extent of the merits activity already undertaken in this case in the Delaware forum could be rebutted were causation and damages the only issues remaining to be tried.'" *Lony v. E.I. Du Pont de Nemours & Company*, 935 F.2d at 615.

Du Pont then filed with this Court its renewed motion to dismiss with a proposed order which it alleges meets the conditions set forth by the Court of Appeals. Lony objects to Du Pont's renewed motion arguing that Du Pont's proposed order does not meet the Court of Appeals's requirements. Lony argues that if Du Pont's motion is granted, Lony will be forced to litigate issues of legal liability in Germany which is directly at odds with the Court of Appeal's holding.

## DISCUSSION

This Court's task is to determine whether Du Pont's proposed concession in its renewed motion to dismiss meets the mandate set by the Court of Appeals. There is no applicable legal standard, only the relevant language from the Court of Appeals mandate and Du Pont's proposed order, and the Court's understanding of the parties' positions as they relate to the issue of liability. First, the Court of Appeals's mandate:

> Thus, were Du Pont to determine that a concession on the remaining liability issues was in its interest, our mandate will provide for that eventuality by stating that the district court may re-enter its order dismissing on *forum non conveniens* grounds if Du Pont, within 30 days of the remand, makes a further concession which eliminates liability as a relevant issue.

*Lony II* at 25.

Secondly, the language of Du Pont's proposed concession:

> Defendant agrees not to dispute allegations by plaintiff that the use of polyethylene glycol in the manufacture of Du Pont cellophane type K160–DB23 would cause small amounts (less than 500 parts per million) of diethylene glycol to be present in the finished cellophane. Defendant may, however, dispute any allegation by plaintiff that the use of polyethylene glycol in the manufacture of Du Pont cellophane type K160–DB23 would cause large amounts (500 parts per million or more) of diethylene glycol to be present in the finished cellophane.

Du Pont's Proposed order at ¶ 6.

While the Court of Appeals did not expressly distinguish between factual and legal liability, the context of the mandate suggests a full concession on all liability

issues. The language of Du Pont's proposed order demonstrates that it has interpreted the Court of Appeal's mandate as only requiring a concession as to factual liability. A further look at opinion in *Lony II* may instructive as to the intent of the Court of Appeals.

The Court of Appeals found upon examination of Du Pont's first concession (after *Lony I*) regarding whether the use of PEG in the manufacture of cellophane would result in small amounts of DEG in the cellophane, that "It is clear from Du Pont's position in this court that liability remains a hotly contested issue." *Lony II* at 610. The Court of Appeals stated that Du Pont had argued in its brief that the concession regarding the presence of small amounts of DEG in Du Pont's cellophane was " 'without prejudice ... to Du Pont's continued denial that the cellophane would have contained more than the maximum amount of DEG permitted by U.S. and West German law.' " *Lony II* at 610 (quoting Brief of Appellant at 6 n. 8). Further the Court of Appeals noted, "... it is apparent that Du Pont will continue to vigorously contest liability based on the insignificance of the amount of DEG." *Lony II* at 610. Finally, the Court of Appeals found that Du Pont had not made concessions concerning its contention that it had the right to continue to deny that it knew or had reason to know of the presence of the DEG in its cellophane at the relevant times. *Id.* at 611. The Court of Appeals went on to note that the evidence relating to the issue of Du Pont's knowledge was exclusively in the United States and that if Lony were forced to litigate that issue in Germany it would be severely hampered. *Id.*

In view of the holdings of the Court of Appeals discussed above, the Court concludes that Du Pont has not met the mandate set forth in *Lony II*. Through its reservation of the right to argue that the amount of DEG in its cellophane was less than 500 milligrams, Du Pont attempts to preserve the right to contest its liability because the amount of DEG in its cellophane was under the statutory limits of the United States and Germany. Du Pont's position is clearly in contradiction of the Court of Appeals' intent. The Court of Appeals found that the overriding factor for overturning the district court's order of dismissal was the Court's failure to consider the extent of the merits activity that had been completed or was underway in Delaware. *Lony II* at 613. The Court of Appeals pointed out that thousands of pages of discovery had been produced, several exchanges of interrogatories had been taken, many documents produced (some of which required German translation) and several witnesses had been deposed, all before the second appeal. *Id.* The Court of Appeals noted that "whenever discovery in a case has proceeded substantially so that the parties already have invested much of the time and resources they will expend before trial, the presumption against dismissal on the grounds of *forum non conveniens* greatly increases." *Id.* at 614.

The language of Du Pont's proposed order with regard to its concessions on the liability issues in this case is insufficient to meet the requirements of the Court of Appeals mandate.

For this reason, Du Pont's renewed Motion to Dismiss must be denied. An Order denying Du Pont's renewed motion and setting an initial pre-trial conference will be entered.