**Adolph LONY, Plaintiff,**

v.

**E.I. DUPONT DE NEMOURS AND COMPANY, INC., Defendant.**

**Civ. A. No. 88–320–JJF.**

United States District Court, D. Delaware.

Sept. 28, 1992.

Richard K. Herrmann of Bayard Handelman & Murdoch, Wilmington, Del. and Paul F. Doyle of Kelley Drye & Warren, New York City, for plaintiff.

William H. Sudell, Jr., Donald F. Parsons, Jr., and Luke W. Mette of Morris Nichols Arsht & Tunnell, Wilmington, Del., for defendant.

## MEMORANDUM OPINION

FARNAN, District Judge.

Defendant, E.I. duPont de Nemours and Company, Inc. ("DuPont") has moved for reargument of the Court's July 8, 1992 Opinion and Order, 793 F.Supp. 494 (E.D.Del.1992), which denied DuPont's renewed Motion to Dismiss. Plaintiff, Adolf Lony ("Lony") opposes DuPont's motion.

In support of its application, DuPont argues that in denying DuPont's renewed Motion to Dismiss, the Court focused on the wrong paragraph of DuPont's accompanying proposed order, and did not consider or even mention the operative paragraph of the proposed order, the newly added paragraph 7. DuPont is concerned that the Court may have assumed that DuPont's "further concession" was contained in paragraph 6 of the proposed order, which is the paragraph the Court did discuss in its July 8, 1992 Opinion. Although under-standable, DuPont's concern is unwarranted.

In reaching its decision, the Court considered not only paragraph 6 of the proposed order, but the entirety of the proposed order, including the newly added paragraph 7. The Court also considered DuPont's memoranda and other papers, particularly the conditions with regard to the proposed paragraph 7 DuPont set out at page 5 of its Memorandum in Support of its Motion to Dismiss (D.I. 105).

 It is the Court's view that the liability concession contemplated by the Court of Appeals required something more substantial than the addition of a paragraph to the June 28, 1990 order which was the subject of substantial criticism and rejection by the Court of Appeals. The Court believes that the liability concession envisioned by the Court of Appeals would require an unequivocal and complete admission with regard to all relevant liability issues. The Court understands that DuPont's view of the mandate of the Court of Appeals is different. However, the Court concludes that DuPont's proposed order, including paragraph 7, was and is insufficient to rebut the presumption against dismissal based on the extent of the merits activity already undertaken in this case. (Lony II at p. 625).

In its present motion, DuPont seeks, in the alternative, an amendment to the Court's July 8, 1992 Order to permit certification to the Court of Appeals for the Third Circuit. After considering the requirements for certification, the Court concludes under the circumstances of this case, that certification is inappropriate. Therefore, DuPont's request for certification will also be denied.

An appropriate Order will be entered.